In the Supreme Court of Georgia

Decided:    October 20, 2014

S14Y1733.  IN THE MATTER OF KENNETH H. SCHATTEN.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, M.T. Simmons, Jr., who recommends that the Court accept the petition for voluntary discipline filed by Respondent Kenneth H. Schatten (State Bar No. 628813) after the issuance of a Formal Complaint and that it impose, as requested, a Review Panel reprimand for Schatten's admitted violation of Rules 1.16 (d) and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  The State Bar has no objection to Schatten's petition and we agree that a Review Panel reprimand is appropriate.

Schatten admits that he represented a client in a number of matters where she was the victim of domestic abuse.  The client did not pay Schatten for these representations until January 2010, when her father paid for the representation through that date.  At that time, the client and her father also signed a contract

of employment and paid Schatten a retainer to represent the client in a divorce action filed by her in Fulton County and a family violence petition filed by her husband against her in Cherokee County. Later that same month, the client decided to seek reconciliation with her husband and dismissed Schatten, who ceased working on her case. Although Schatten admits that the client and her father had a remaining retainer balance of $2,727.50 at the time of his discharge, due to his financial circumstances he was unable to refund that amount to her and her father.[1] The client and her father eventually initiated a fee dispute and in May 2011, the arbitration panel entered an award of $4,727.50 in favor of the client and her father, but Schatten remained unable to pay. The award was confirmed in the Superior Court of Fulton County which entered judgment against Schatten in February 2013. In April 2013, Schatten (acting through counsel) negotiated a Payment Plan Agreement and when Schatten completed payment under that plan in October 2013, the client and her father entered a satisfaction of their judgment against him. In the meantime, the Investigative Panel initiated a grievance against Schatten based on a referral from the

_____

[1]Schatten was not required to place the retainer in his trust account, but was still obligated to return unearned fees to the client, see Formal Advisory Opinion 91-2.

2

Committee on the Arbitration of Attorney Fee Disputes. As a result of Schatten's failure to respond to the grievance in a timely manner, Schatten served an interim suspension from January 2012 through August 2012.

By his actions Schatten violated Rules 1.16 (d) and 9.3 of the Georgia Rules of Professional Conduct in his dealings with the client and her father. Although the maximum sanction for a violation of either rule is a public reprimand, and although Schatten has two prior investigative panel reprimands (the first from February 2011 and the second in July 2013 for inappropriate conduct during the interim suspension related to this matter), various mitigating factors exist. Specifically, Schatten had been suffering from personal or emotional problems during the relevant time frame as evidenced by the fact that he was diagnosed with severe depression in February 2012 and was told that he likely had been suffering from this depression through most of the previous seven years or longer. Schatten began intensive counseling with a licensed clinical social worker in February 2012 and devoted almost all of the time he was on suspension to tackling his depression. He has resumed the full time practice of law, but continues counseling on at least a weekly basis and takes appropriate medication. Further, Schatten worked out a reasonable payment

plan to reimburse his client and kept to it until he fully paid the judgment awarded in the fee arbitration process. And, although Schatten initially failed to participate in the disciplinary process, he subsequently cooperated and has expressed genuine remorse. Finally, Schatten has demonstrated his good character and reputation in the legal community, given that he was instrumental in the development of the Fulton County Superior Court Family Division in Atlanta, that he was a Master in the Georgia Family Law American Inn of Court, that he sits on the Board of Advisors of the Cardozo Program in Family Law, Policy and Bioethics, that he has served on the faculty at the Emory University School of Law Program for Trial Techniques, that he worked as an adjunct professor in family law at John Marshall Law School, that he has published and lectured extensively throughout the United States in the area of family law, and that he served as vice chair of the Family Courts Committee of the American Bar Association.

Based on our review of the record, this Court agrees with the special master that repetition of the misconduct is unlikely inasmuch as it was related to Schatten's financial circumstances and personal problems which have now been addressed. For that reason and because the State Bar does not object, we

accept Schatten's petition for voluntary discipline and order that he receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his admitted violation of Rules 1.16 (d) and 9.3.

Petition for voluntary discipline accepted.  Review Panel reprimand.  All the Justices concur.